UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSURU WOLE SHO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, et al.,<br><br>　　　　　Respondents. | No. 2:21-cv-00654-TLN-AC |
| MONSURU WOLE SHO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, et al.,<br><br>　　　　　Respondents. | No. 1:21-cv-01812-JLT-BAK<br><br>**RELATED CASE ORDER** |

　　　　Plaintiff filed a Notice of Related Cases in the above-captioned actions on March 7, 2022. Examination of the above-captioned actions reveals they are related within the meaning of Local Rule 123 (E.D. Cal. 1997). Pursuant to Rule 123 of the Local Rules of the United States District Court for the Eastern District of California, two actions are related when they involve the same parties and are based on the same or similar claim(s); when they involve the same transaction,

1

property, or event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a).  Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

In *Sho v. Current or Acting Field Office Director*, no. 2:21-v-00654-TLN-AC, Petitioner is a non-citizen in proceedings to remove him from the United States.  Petitioner is being held in ICE detention and filed a habeas corpus petition here in the Eastern District of California.  In his petition, he claims his detention is unlawful and seeks to be released from custody.  His petition was fully adjudicated and dismissed by the Court.

In *Sho v. Current or Acting Field Office Director*, no. 1:21-cv-01812-JLT-BAK (HC), this same Petitioner re-filed the same habeas petition in the Northern District of California a few months after his first case was dismissed.  However, because Petitioner is being detained in an ICE facility located in the EDCA, venue in this case was transferred sua sponte to the EDCA in the interests of justice as the most convenient forum.  Petitioner did not disclose the previous petition or prior EDCA case to the Court.

Pursuant to Local Rule 123, the above-captioned cases involve the same parties, the same claims, and identical petitions. Further, reassignment of the cases to the same judges is "likely to effect a substantial savings of judicial effort" because it will necessarily avoid the "substantial duplication of labor" by the judiciary of this district.  *See* L.R. 123(a)(1)–(4).

Relating the cases under Local Rule 123, however, merely has the result that both actions are assigned to the same judge, it does not consolidate the actions.  Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.  Should either party wish to consolidate the actions, the appropriate motion or stipulation must be filed.

IT IS THEREFORE ORDERED that the action denominated 1:21-cv-01812-JLT-BAK is

reassigned to District Judge Troy L. Nunley and Magistrate Judge Allison Claire, and the caption shall read 1:21-cv-01812-TLN-AC.  Any dates currently set in 1:21-cv-01812-JLT-BAK are hereby VACATED, and the parties are ordered to refile any pending motions before this Court. The Clerk of the Court is to issue the Initial Pretrial Scheduling Order.

    IT IS SO ORDERED.

DATED:  March 7, 2022

Troy L. Nunley
United States District Judge