1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

MONSURU WOLE SHO,

No.  1:21-cv-1812 TLN AC P

11

Petitioner,

12

v.

FINDINGS AND RECOMMENDATIONS

13

CURRENT OR ACTING FIELD OFFICE
DIRECTOR, SAN FRANCISCO FIELD
OFFICE, UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.

14

15

16

Respondents.

17

18

Petitioner, a federal immigration detainee proceeding pro se, has filed an application for a

19

writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The matter was referred to a

20

United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21

Respondents have filed a motion to dismiss this action on the grounds that the petition is

22

duplicative of the one filed in Sho v. U.S. Immigration and Custom Enforcement, No. 2:21-cv-

23

0654 TLN AC P ("Sho I"), and that petitioner accordingly has abused the writ.  ECF Nos. 27, 28.

24

Petitioner has not filed objections to the motion, and the period within which to file a reply has

25

passed.  Thus, the matter is deemed submitted.  Local Rule 230(l).  For the reasons stated below,

26

the undersigned declines to construe petitioner's failure to oppose as non-opposition to the

27

motion, and will recommend that the motion to dismiss be denied.

28

////

1

1    I.    MOTION TO DISMISS

2         Respondents argue that this action should be dismissed because it is duplicative of the

3    earlier-filed petition in Sho I, which was dismissed for lack of jurisdiction before this case was

4    filed.  ECF No. 28 at 6-8.[1]  Respondents repeatedly state that the petition in this case is

5    "identical" to the petition in Sho I.  ECF No. 28, *passim*.  They claim that petitioner seeks "the

6    same relief on the same grounds" as in the prior case, that he has filed "the exact same petition,"

7    that he has raised "the exact same claims," and that petitioner's "two petitions are identical."  Id.

8    at 3, 6-8.  For these reasons, respondents argue that review of this matter is barred by the abuse of

9    the writ doctrine.  Id.

10        II.   ABUSE OF THE WRIT DOCTRINE

11        "The doctrine of abuse of the writ generally forbids the reconsideration of claims that

12   were or could have been raised in a prior habeas petition."  Alaimalo v. United States, 645 F.3d

13   1042, 1049 (9th Cir. 2011) (citations and internal quotation marks omitted).  It refers to a

14   complex and evolving body of equitable principles informed and controlled by historical usage,

15   statutory developments and judicial decisions.  Felker v. Turpin, 518 U.S. 651, 664 (1996).

16        The government bears the burden of pleading an abuse of the writ.  Alaimalo, 645 F.3d at

17   1049; Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000).  The burden is satisfied if, with

18   clarity and particularity, the government: (1) notes petitioner's prior writ history; (2) identifies the

19   claims that appear for the first time; and (3) alleges that petitioner has abused the writ.  McClesky

20   v. Zant, 499 U.S. 467, 470 (1991).  The burden to disprove abuse of the writ then shifts to

21   petitioner, who may excuse any failure to raise claims in an earlier petition if a fundamental

22   miscarriage of justice would result if the court failed to entertain the claims.  Barapind, 225 F.3d

23   at 1111 (citing McClesky).

24        III.  DISCUSSION

25        For the reasons explained below, respondents have not met their initial burden under

26   McClesky and therefore the burden does not shift to petitioner to excuse his failure to have raised

27   _____

28   [1]  Citations to documents filed in this case refer to the page numbers imposed by the CM/ECF system, not the pagination of the original documents.

his claims in the previous action.  For that reason, and in the interests of justice, the undersigned concludes that petitioner's failure to timely oppose the motion to dismiss should not be construed as non-opposition.  See Local Rule 230(c) (failure to timely file opposition "may" be construed as non-opposition).  The court will review the motion to dismiss on the merits, based on the record of this case and that in Sho I.

The government's moving papers fail to identify "with clarity and particularity" the issues raised in this case that were or could have been presented in Sho I, as McClesky requires.  Instead, the government relies on the repeated, conclusory characterization of the cases as "identical."  ECF No. 28 at 3, 6-8.  The operative pleadings in the two actions, however, are far from identical.  Sho I was opened on the basis of a 4-page, hand-written "Emergency Motion to be Released from ICE Custody," supported by ten pages of exhibits.  See Case No. 2:21-cv-0654 TLN AC P, ECF No. 1.  The court construed the pro se motion as seeking substantive relief from pending removal, an issue over which the immigration courts of the United States have exclusive jurisdiction.  Id., ECF No. 4 (Findings and Recommendations) at 2.  Accordingly, the emergency motion was dismissed for lack of jurisdiction.  Id., ECF No. 7 (order adopting Findings and Recommendations).  The court specifically noted that petitioner did not appear to be challenging the denial of bond pending removal, or seeking a bond hearing, but was only attacking the propriety of removal itself.  Id., ECF No. 4 at 2.  That understanding of the motion was the basis for the finding that the district court lacked jurisdiction.  Id.

The petition in the present case is a distinct fourteen page document supported by twenty-one pages of attachments, styled as a habeas petition under 28 U.S.C. § 2241.  It expressly seeks release on bond pending removal proceedings, citing authorities that provide for judicial review of prolonged immigration detention.  ECF No. 1 at ¶¶ 8, 9; see also id. at ¶¶ 22-39 (points and authorities).  Petitioner claims that his right to due process has been violated by ongoing prolonged detention without a hearing, and that the Eighth Amendment is violated by the categorical denial of bail pending removal to certain non-citizens.  Id. at 12-13.  The petition does not appear to seek relief from removal or from the removal proceeding itself, but only challenges petitioner's detention pending removal.

As these descriptions make perfectly clear, the petition in this case is not "identical" to that in <u>Sho I</u>.  The two petitions do not present "the exact same claims" or seek "the same relief on the same grounds."  Petitioner did not, as respondents repeatedly assert, "refile" the dismissed petition in another district.  <u>See</u> ECF No. 28 at 3, 6.   These characterizations are not merely misleading, they are flatly incorrect.  <u>McClesky</u> requires the moving party to identify petitioner's pertinent writ history and the differences in claims presented with clarity and particularity.  499 U.S. at 470.  An objectively inaccurate factual basis for the motion cannot meet this threshold standard.  Accordingly, the burden does not shift to petitioner to refute the suggestion that he is abusing the writ, and the motion must be denied.

Moreover, to the extent if any that petitioner did intend <u>Sho I</u> to present the claims that are articulated in this case (that is, to the degree that respondents are correct in viewing the claims as "identical"), the court misconstrued the earlier petition and should have provided leave to amend to clarify the nature of petitioner's claims and the proffered basis for jurisdiction.  The court will not use the abuse of the writ doctrine to penalize a pro se litigant for his lack of sophistication or for court error in dismissing sua sponte a pleading that it misunderstood.

Accordingly, IT IS HEREBY RECOMMENDED that respondents' motion to dismiss this matter on abuse of the writ grounds (ECF No. 27) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4